Van Voorhis, J.
(dissenting). The question is whether, under the language of an insurance policy, the destruction by water of property in two separate basements due to a single flood in which 3.52 inches of rainfall occurred in two hours constituted separate accidents. This insurance policy covered $50,000 for “ each accident ’ ’ and $100,000 for ‘1 aggregate operations. ’ ’ In my view, this deluge was a single event, like an explosion or fire, and the collapse of these two walls did not constitute separate accidents, within the meaning of the policy, but simply the result of this overwhelming flood. If the two walls had collapsed as *232 the result of one explosion, it was conceded on the argument by counsel for the respondent that it would have been a single event and that the limitation of the $50,000 coverage would have applied. It is not disputed that the power of the water was too great to be withstood, like the air pressures engendered by an explosion. The choice is between our rule and the English rule, which provides that there is a separate event wherever loss is sustained by more than one person (South Staffordshire Tramways Co. v. Sickness & Acc. Assur. Assn., [1891] 1 Q. B. 402). If the judgment appealed from is correct, there will always be more than one event wherever the person or property of more than one is affected. Something analogous to the collapse of these two walls can always be found, and would necessarily occur wherever damage is effected to more than one person. The very infliction of damage in several instances involves multiple events on this theory. There is no essential distinction between the decision by the Appellate Division and the English rule. The judgment appealed from should, in my view, be reversed.
Judges Desmond, Dye, Fuld and Froessel concur with Chief Judge Conway ; Judge Burke concurs for affirmance in a separate opinion; Judge Van Voorhis dissents in an opinion.
Judgment affirmed.